IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEDAN SUNNI ALI, | No. C 10-02360 SI |
| Plaintiff, | **ORDER TO SHOW CAUSE; RESPONSE REQUIRED** |
| v. | |
| US DEPARTMENT OF EDUCATION, | |
| Defendant. | |

Plaintiff filed this case on May 28, 2010, seeking relief from two student loans plaintiff took to attend the Cambridge Business School and Automobile Mechanic's School. Plaintiff alleges that both institutions closed and filed for bankruptcy and that the Department of Education ("DOE") is "going after students" because DOE cannot "collect funds" from the now-closed institutions. Complaint, Docket No. 1. Plaintiff also alleges that he graduated from Cambridge Business School and that he withdrew from the Automobile Mechanic's School, because of financial reasons, shortly before that school closed. *Id*.

On November 30, 2010, defendant moved to dismiss. There are a limited number of ways to discharge Federal Family Education Loans,[1] including where a student dies or becomes totally disabled, the school closes before the student completes the program, or the school forged or otherwise signed fraudulent paperwork. *See, e.g.*, 34 C.F.R. § 674.33 (discharge where school closed). The DOE asserts that in order to seek a discharge of loans, a former student must first file a request with the Department of Education asking for the loan to be discharged. Motion to Dismiss at 4-5, *see also* 34 C.F.R. §

---

[1] The FFEL program was enacted as part of the Higher Education Act (HEA) of 1965, 20 U.S.C. § 1087(c).

674.33. DOE argues that Mr. Ali cannot seek to have his student debt discharged in this case unless he has first filed a request with the DOE and the DOE has acted on that request. Motion at 4-5; *see also Allen v. Riley*, 2000 U.S. Dist. LEXIS 21101 (E.D. Ky. Mar. 28, 2000) (dismissing case for lack of jurisdiction where students had not finished process of seeking discharge from DOE).

When the Court served the DOE's motion to dismiss on plaintiff, the envelope was returned as undeliverable. The Court, therefore, resent the notice of the motion to the new addresses provided on the returned envelope and reset the hearing on the Motion to Dismiss for February 25, 2011.

However, Mr. Ali has not filed any papers in opposition, he did not appear at February 25, 2011 hearing and he has not contacted the Court since June 30, 2010.

Therefore, the Court ORDERS plaintiff to show cause and submit an explanation of why this case should not be dismissed for failure to prosecute or failure to exhaust by **March 22, 2011**. In that document, plaintiff must explain whether he has filed a request with the DOE to discharge his student loans and, if so, when the request was filed and what, if any, response he received from the DOE.

If the Court does not receive a response from plaintiff by **March 22, 2011**, **this case will be dismissed** without prejudice for failure to prosecute.

**IT IS SO ORDERED.**

Dated: February 28, 2011

SUSAN ILLSTON
United States District Judge